**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| MIROWSKI FAMILY VENTURES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BOSTON SCIENTIFIC CORP., CARDIAC PACEMAKERS, INC., GUIDANT LLC, and GUIDANT SALES LLC,<br><br>Defendants. | Civil Action No. ____________<br><br>Removed From Circuit Court for Montgomery County<br>Civil Action No. 373798-V |

**NOTICE OF REMOVAL OF ACTION**
**FROM STATE COURT PURSUANT TO 28 U.S.C. § 1454**

Pursuant to 28 U.S.C. § 1454, Defendants Boston Scientific Corp., Cardiac Pacemakers, Inc., Guidant LLC, and Guidant Sales LLC (collectively, "Defendants") hereby jointly remove this action, initially filed in the Circuit Court for Montgomery County, Maryland, to the United States District Court for the District of Maryland, Greenbelt Division. This action is removable pursuant to 28 U.S.C. § 1454. This Court has jurisdiction over the remaining claims in this action under 28 U.S.C. § 1367, which are removable pursuant to 28 U.S.C. § 1441.

**COMPLIANCE WITH PROCEDURAL REQUIREMENTS FOR REMOVAL**

The removed case is a civil action filed initially on February 22, 2013, in the Circuit Court for Montgomery County, Maryland, styled *Mirowski Family Ventures, LLC v. Boston Scientific Corp. et al.*, 373798-V. On August 1, 2013, the Plaintiff filed a First Amended Complaint ("the Amended Complaint"), which is attached as Exhibit 37 to the Declaration of J. Bradford McCullough in Support of Defendants' Notice of Removal of Action from State Court Pursuant to 28 U.S.C. § 1454 ("McCullough Decl."), filed concurrently herewith. In the

Amended Complaint, Plaintiff alleges, *inter alia*, that Defendants have breached contractual obligations by failing to pay royalties allegedly owed for practice of the invention of claim 4 of U.S. Patent No. 4,407,288 ("the '288 patent").

On August 19, 2013, Defendants filed an Answer and Counterclaim. (McCullough Decl. Ex. 39.) In that pleading, Defendants asserted a counterclaim seeking a declaratory judgment that claim 4 of the '288 patent is invalid under 35 U.S.C. §§ 102-103. On the basis of that counterclaim, Defendants remove this action pursuant to 28 U.S.C. § 1454 ("A civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights may be removed to the district court of the United States for the district and division embracing the place where the action is pending.").

Section 1454(b) states that "[t]he removal of an action under this section shall be made in accordance with section 1446." 28 U.S.C. § 1454(b). Section 1446 proves that a notice of removal is to be filed within thirty days of the filing of the pleading setting forth the claim upon which removal is based. 28 U.S.C. § 1446(b). The pleading setting forth the claim on which removal is based in this instance is Defendants' Answer, Affirmative Defenses, and Counterclaim, filed on August 19, 2013. This Notice of Removal is therefore timely filed under 28 U.S.C. § 1446. In accordance with 28 U.S.C. § 1446(a), Defendants attach a true and correct copy of all process, pleadings, and orders served on Defendants in the state court action as of the date of this Notice. (McCullough Decl. Exs. 2-51.)

## THE REMOVED CASE

1. Plaintiffs' Amended Complaint contains ten claims: a claim for "Breach of Contract — Accrued Royalties" (Count I); a claim for "Breach of Contract — Improper Settlement" (Count II); a claim for "Breach of Contract — Failure to Pay Sub-License

Royalties" (Count III); a claim for "Breach of Contract — Joint Venture" (Count IV); a claim for "Breach of Implied Covenant of Good Faith and Fair Dealing" (Count V); a claim for "Unjust Enrichment" (Count VI); a claim for "Constructive Fraud" (Count VII); a claim for "Disgorgement of Profits" (Count VIII); a claim for "Negligence" (Count IX); and a claim for "Breach of Contract — Attorneys' Fees and Costs" (Count X).

2. Defendants are licensees to a portfolio of patents owned by the Plaintiff. (Amended Complaint ¶ 1.) The patents include the '288 patent.

3. In Count I of the Amended Complaint, Plaintiff alleges that Defendants failed to pay license royalties allegedly owed for the practice of claim 4 of the '288 patent. (Amended Complaint ¶¶ 193-200.)

4. Claim 4 of the '288 patent is directed to a method of treating heart arrhythmias with a "multimode" therapy administered by Implantable Cardioverter Defibrillator devices ("ICDs") in which one "mode" of therapy is "cardioversion."

5. The Court in *Cardiac Pacemakers, Inc. v. St. Jude Medical*, No. IP-96-1718-CH/K (S.D. Ind.) interpreted the term "cardioversion" in claim 4 to mean "the application of non-pacing electrical impulses designed to stimulate sufficient heart tissue to correct an arrhythmia, with energy levels generally below those used for defibrillation."

6. In *Boston Scientific Corp. v. Mirowski Family Ventures, LLC*, C.A. No. 1:11-cv-0736 (WTL) (DKL) (S.D. Ind.), and in this action, Plaintiff has taken the position that during implantation testing of Defendants' ICD devices the devices apply a certain amount of energy to correct induced fibrillation, with an energy level lower than that ultimately programmed into the device for purposes of defibrillation. Based on this, Plaintiff has asserted that, during such implantation testing, virtually all of Defendants' ICD devices are used to practice the method of

claim 4 and that Defendants owe royalties for sales of all such devices during the relevant time period.

7. Defendants' First Counterclaim alleges that prior art to claim 4 (including Jacob Haft, *Treatment of Arrhythmias by Intracardiac Electrical Stimulation*, 16(6) PROGRESS IN CARDIOVASCULAR DISEASES (1974)) teaches the use of defibrillation shocks in a device that performs multi-mode programmable pacing.

8. Defendants' First Counterclaim further alleges that, if the correction of an induced fibrillation (or defibrillation) during implantation testing is considered "cardioversion" for purposes of claim 4 of the '288 patent, then the claim would have been anticipated by, or obvious to one of skill in the art in view of, the prior art teachings and publications.

## JURISDICTION AND GROUNDS FOR REMOVAL

9. Under *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 128, 136-37 (2007), a licensee confronted with demands for royalty payments of use of an invalid patent claim is entitled to "seek[] a declaratory judgment in federal court that the underlying patent is invalid[.]"

10. Defendants' counterclaim seeks such a declaratory judgment pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.[1]

11. In particular, Defendants have asserted a counterclaim seeking a declaratory judgment that claim 4 of the '288 patent, as asserted by the Plaintiff, is invalid for failure to meet the conditions of patentability and/or otherwise comply with the requirements of 35 U.S.C. §§ 102-103.

---

[1] Because it was originally filed in the Circuit Court for Montgomery County, the Defendants' First Counterclaim also relied upon the Maryland Uniform Declaratory Judgments Act (Section 3-401-Section 3-415).

12. Under 35 U.S.C. § 102, "[a] person shall be entitled to a patent unless … the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention." 35 U.S.C. § 102(a)(1).

13. Under 35 U.S.C. § 103, "[a] patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is not identically disclosed as set forth in section 102, if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains. Patentability shall not be negated by the manner in which the invention was made." 35 U.S.C. § 103.

14. Under 28 U.S.C. § 1338(a), "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents. . . ."

15. Under 28 U.S.C. § 1454(a), "[a] civil action in which *any party asserts a claim for relief arising under any Act of Congress relating to patents*, plant variety protection, or copyrights may be removed to the district court of the United States for the district and division embracing the place where the action is pending." *Id.* (emphasis added).[2]

16. This Court thus possesses jurisdiction over Defendants' counterclaim pursuant to 28 U.S.C. §§ 1338(a), 1454(a).

---

[2] Section 1454 was enacted with the passage of the Leahy-Smith America Invents Act (Pub. L. No. 112-29) ("the AIA") on September 16, 2011. By explicitly expanding the removability inquiry to consider whether "any party asserts a claim for relief" under the federal patent laws (as opposed to focusing only on whether "the civil action" arises under the federal patent laws), Section 1454(a) departed from prior law to allow counterclaims arising under the federal patent laws to give rise to removal jurisdiction in the federal district courts.

17. The Court possesses supplemental jurisdiction over the remaining claims and defenses in this action under 28 U.S.C. § 1367, and they are therefore removable pursuant to 28 U.S.C. § 1441.

WHEREFORE, Defendants hereby remove the above-entitled action to this Court from the Circuit Court for Montgomery County, Maryland.

Respectfully submitted,

LERCH, EARLY & BREWER, CHTD.

Stanley J. Reed, Bar #00315
J. Bradford McCullough, Bar #03901
William A. Goldberg, Bar #16512
3 Bethesda Metro Center, Suite 460
Bethesda, MD 20814
Telephone: (301) 986-1300
Fax: (301) 986-0332
sjreed@lerchearly.com
wagoldberg@lerchearly.com
jbmccullough@lerchearly.com
*Counsel for Defendants Boston Scientific Corp., Cardiac Pacemakers, Inc., Guidant LLC, and Guidant Sales LLC*

OF COUNSEL:

Matthew M. Wolf
Edward Han
John E. Nilsson
Amy L. DeWitt
Daniel Healey
Arnold & Porter LLP
555 12th St. NW
Washington, DC 20004
Telephone: (202) 942-5000
Fax: (202) 942-5999
John.Nilsson@aporter.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 10, 2013, I caused the foregoing materials to be sent by electronic mail and first class mail, postage prepaid, to the following counsel:

David C. Kiernan, Esquire
Edward J. Bennett, Esquire
Steven M. Pyser, Esquire
Liam J. Montgomery, Esquire
William E. Schurmann, Esquire
Philip J. O'Beirne, Esquire
Williams & Connolly LLP
725 12th Street, N.W.
Washington, D.C. 20005

Jeffrey M. Schwaber, Esquire
Judy G. Cornwell, Esquire
Deanna L. Peters, Esquire
Stein Sperling Bennett De Jong Driscoll PC
25 West Middle Lane
Rockville, MD 20850

J. Bradford McCullough