IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

MIROWSKI FAMILY VENTURES, LLC, :
:
    Plaintiff, :
:
    v. :   Case No. 373798-V
:
:
BOSTON SCIENTIFIC CORP., et al., :
:
    Defendants. :

## MEMORANDUM AND ORDER

This lawsuit is in Maryland state court because on February 20, 2013, on the eve of the trial of this case in federal court in Indiana, the Supreme Court decided *Gunn v. Minton*, 133 S. Ct. 1059 (2013). In light of *Gunn*, the Indiana federal court determined that it lacked subject matter jurisdiction under the federal question statute regarding patents, 28 U.S.C. § 1338(a),[1] and dismissed the case. *Mirowski Family Ventures, LLC v. Boston Scientific Corp.*, No. 1:11-cv-736-WTL-DKL, 2013 WL 3895246, at *1 (S.D. Ind. July 29, 2013). State courts do not have patent-specific jurisdiction under § 1338(a), and there was, according to the federal court, no other basis for retaining jurisdiction. *Id.*, at *9. No party appealed the dismissal by the district court, which is now a final judgment.

Anticipating the dismissal ruling, plaintiff Mirowski Family Ventures, LLC ("Mirowski") filed a complaint in this court on February 22, 2013. The case was assigned to the Business & Technology Program, Md. R. 16-205, on April 2, 2013, and a scheduling order was issued that

---

[1] As relevant to this case, Congress has authorized the federal courts, which are courts of limited jurisdiction, to exercise subject matter jurisdiction in all actions "arising under" federal law 28 U.S.C. § 1331, and specifically "any Act of Congress relating to patents." 28 U.S.C. § 1454(a). The phrase "arising under" is treated interchangeably in both sections.

same day. This court held a scheduling hearing on June 27, 2013, and set a firm date for a two-week jury trial to begin on January 27, 2014.

On August 1, 2013, Mirowski filed an amended complaint. On August 19, 2013, Boston Scientific Corporation ("Boston Scientific") filed an answer and a counterclaim. The Sixth Affirmative Defense in the answer contends that "[a]s asserted, the claims of the Mirowski patents are invalid under the patent laws of the United States . . . ."[2] The counterclaim seeks "a declaratory judgment that claim 4 of the '288 patent, as asserted by Mirowski, is invalid . . . ."[3] In substance, these averments are no different than those made by Boston Scientific in its Amended Complaint For Declaratory Judgment, filed in Indiana on September 28, 2011, or in its answer to Mirowski's federal counterclaims, filed on October 24, 2011.[4]

The same day Boston Scientific filed its answer and counterclaim in this case, it also filed the motion that is the subject of this decision. The motion asks the court "to conduct additional claim construction analysis of the claim term 'cardioversion' in Claim 4 of U.S. Patent No. 4,407,288 and with respect to the meaning of 'defibrillation' in the construction entered by the United States District Court for the Southern District of Indiana in *Cardiac Pacemakers, Inc. v. St. Jude Medical Center, Inc.*, No. IP-1718-C H/G (S.D. Ind.)."[5]

According to Boston Scientific, in a litigation over ten years ago in Indiana, the federal court construed the term to mean "the application of non-pacing electrical pulses designed to stimulate sufficient heart tissue to correct an arrhythmia, with energy levels generally below those used for defibrillation."[6] Boston Scientific says that in this case, Mirowski contends that a

---

[2] Defs.' Answer, Affirmative Defenses, and Countercl. 22.
[3] *Id.* at 29.
[4] *See* Ex. D and E to Decl. of John Nilsson in Supp. of Defs.' Supplemental Mem. on Removal Jurisdiction Under 35 U.S.C. § 1454.
[5] Defs.' Mot. for Additional Claim Construction.
[6] Mem. in Support of Defs.' Mot. for Additional Claim Construction, 1-2.

2

charge used to correct a fibrillation in the context of implantation and testing may constitute "cardioversion" for purposes of claim 4 in patent '288.[7] The reason Boston Scientific wants this done now is to determine whether it can now remove this case to federal court under a relatively new federal law which, in a departure from past Supreme Court jurisprudence, may allow it to remove a counterclaim asserted by it in this case to federal court under 28 U.S.C. § 1454(b).

Needless to say, Mirowski disagrees with Boston Scientific's arguments about the need for additional claim construction and especially opposes any attempt by Boston Scientific at this point to send the case back to federal court, given that it lost its early 2013 federal trial date, and there is a firm trial date in this case on January 27, 2014.

At a hearing on August 27, 2013, the court asked for expedited briefing on the issue of the potential for or likelihood of removability at this juncture. Given the press of time, this court's analysis will of necessity be relatively truncated.

<u>Decisions Made By Judge Lawrence and Judge Hamilton</u>

In the Indiana case before Judge Lawrence, in which Boston Scientific and Mirowski were at odds, both sides moved in limine to preclude the other from introducing certain expert testimony on the issue of claim construction. The claim at issue, claim 4 of '288, had been previously construed by Judge Hamilton in *Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.*, a case in which Boston Scientific and Mirowski were on the same side. 2002 WL 1801525, at *1, *38-39. As Judge Lawrence noted, Judge Hamilton, in the case against St. Jude, gave a jury instruction based on his construction of claim 4, to which neither Boston Scientific nor Mirowski took exception.[8] On appeal, Federal Circuit observed that the jury had properly applied Judge

---

[7] *Id.* at 2.
[8] The jury instruction is re-printed in Judge Lawrence's Entry on Motions Regarding Expert Testimony, *Boston Scientific Corp. v. Mirowski Family Ventures, LLC*, No. 1:11-cv-736-WTL-DKL, slip op. at 3 (S.D. Ind.).

3

Hamilton's construction of claim 4, although both sides produced trial testimony about the meaning of the construction. *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 381 F.3d 1371, 1376-78 (Fed. Cir. 2004). Although the Federal Circuit reversed and remanded to the district court for a new claim construction on an unrelated issue, Judge Hamilton's construction of claim 4 of '288 stood on direct appeal.

On remand, Judge Hamilton rebuffed St. Jude's request, opposed by both Boston Scientific and Mirowski, to revisit his construction of claim 4 of '288. In fact, as Judge Hamilton noted, both Boston Scientific and Mirowski argued before him on remand that the claim already had been properly construed and that construction was affirmed on appeal.[9] Judge Hamilton agreed and stood by his prior ruling on the construction of claim 4 of '288. *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 418 F. Supp. 2d 1021, 1030-31 (S.D. Ind. 2006).

Before Judge Lawrence, Boston Scientific argued that Mirowski was attempting to get around Judge Hamilton's claim construction through expert testimony. Judge Lawrence disagreed. Unremarkably, Judge Lawrence heard similar complaints from Mirowski, and disregarded those as well.[10] The district court did, however, agree to allow expert testimony about the meaning of defibrillation, but as to any other extent Judge Hamilton's claim construction "is final, non-appealable, and should be applied . . . ."[11]

Judge Lawrence cogently observed, that "in the course of preparing this case for trial, the parties have repeatedly represented to the Court that this is not a patent case and that the patents are only marginally relevant to the issues in this case. More to the point, the parties disavowed

---

[9] The parties' statements to Judge Hamilton on this point, both by Boston Scientific and Mirowski, are judicial admissions, binding on both clients not only for that case but in other litigation as well. *Campfield v. Crowther*, 252 Md. 88, 100 (1969).
[10] Entry on Mots. Regarding Expert Test. 10-11.
[11] *Id.* at 11.

the need for a *Markman*[12] hearing in this case from the beginning and have not wavered from that position."[13]

No cogent reason has been advanced by either side of this case as to why I should not accept Judge Lawrence's rulings in this regard. He held, and I agree, that there is no basis for seeking any additional construction of claim 4 of the '288 patent and no need for any additional or supplemental *Markman* hearing. Further, this court concludes that as a matter of law, the Federal Circuit's construction of claim 4 is a final, non-appealable judgment, controls the trial of this case, and will be followed by this court. The jury in this case, after hearing the evidence, can apply that construction to the case at hand and determine whether any party is entitled to any of the relief they have requested in their pleadings.

I do so because I agree with Judge Lawrence's excellent analysis of the issues; they are now the rules of this case too. There is no need for a *Markman* hearing or any additional claim construction at this time.[14]

### Additional Thoughts on Removal by Boston Scientific

As noted, the claims asserted by Boston Scientific and Mirowski in the case before Judge Lawrence and this case are nearly identical, and there are no legally relevant distinctions between the sets of pleadings. Judge Lawrence held quite plainly that Mirowski had not advanced, and could not advance based on the facts alleged in its pleading, a patent infringement case against Boston Scientific because the licenses were still in effect. *See Dow Chemical Co. v. United States*, 226 F.3d 1334, 1345-48 (Fed Cir. 2000). At least implicitly, Boston Scientific's Indiana declaratory judgment action was simply an anticipatory defense to Mirowski's claim for non-payment of royalties. This declaratory action was not then and is not now a basis for federal

---

[12] Markman v. Westview Instruments, Inc., 52 F.3d 967, 979 (Fed. Cir. 1995) (en banc).
[13] Entry on Mots. Regarding Expert Test. at 12.
[14] Of course, if something new eventuates, the parties are free to bring it to the court's attention.

5

subject matter jurisdiction. *Cordis Corp. v. Medtronic, Inc.*, 835 F.2d 859, 862 (Fed. Cir. 1987). Judge Lawrence also rejected the argument that Mirowski's claims fit into the "special and small" category of cases left open after *Gunn*, 133 S. Ct. at 1065. As a consequence, Mirowski was limited to any remedies available under contract law.

Boston Scientific is the party which urged Judge Lawrence to dismiss its own case in light of *Gunn*. If Boston Scientific is correct about the possible removability of this case – based on the same language which appears in its Indiana and Maryland pleadings – why did it not simply make these arguments to Judge Lawrence in order to dissuade him from dismissing the case and to retain federal subject matter jurisdiction? Further, as the plaintiff in Indiana, Boston Scientific was the master of its complaint. If it were worried about losing jurisdiction in federal court in Indiana because of *Gunn*, and it had a cause of action clearly arising under the patent laws of the United States, why did it not seek leave to amend its complaint in federal court?

This court cannot stop Boston Scientific from trying to remove this case to federal court. It should be noted, however, that its counterclaim, as pled, could not have been brought under federal law even if had been filed as a complaint. *Speedco, Inc. v. Estes*, 853 F.2d 909, 912-13 (Fed. Cir. 1988). No federal question properly appears on the face of its counter-claim, regardless of the fact that it is styled as a declaratory judgment. *See Columbia Gas Transmission Corp. v. Drain*, 237 F.3d 366, 370 (4th Cir. 2001). Although the procedural change wrought by 28 U.S.C. § 1454, Pub. L. 112-29, 125 Stat. 284 (2011), provides a novel avenue for removal, the pleading still must set forth a federal cause of action arising under the patent laws. In this court's view, the pleading filed by Boston Scientific in this case – regardless of how it is denominated – does not do so. It is simply attempting to use a counterclaim to avoid the license obligations alleged by Mirowski to be due under the parties' contracts. *See Speedco*, 853 F.2d at

912-13; *Milprint, Inc. v. Curwood, Inc.*, 562 F.2d 418, 421-22 (7th Cir. 1977). At most, Boston Scientific has pled a defense to Mirowski's claims for relief. *See Caldera Pharm., Inc. v. Regents of the Univ. of Cal.*, 140 Cal. Rptr. 3d 543 (Cal. Ct. App. 2012); *Applera Corp. v. MP Biomedicals, LLC*, 93 Cal. Rptr. 3d 178, 191-92 (Cal. Ct. App. 2009).

### Conclusion

Given the tortured history of this case, counsel should please be cognizant that if this case is removed to federal court and remanded to state court before January 27, 2014, it will proceed to trial in this court on January 27, 2014. If the case is remanded after January 27, 2014, it will proceed to trial within 30 days of the remand.

For the reasons stated above, it is this 4th day of September, 2013, **ORDERED** that the defendants' motion for additional claim construction (DE #66) is denied, without prejudice.

_____
Ronald B. Rubin, Judge