IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

MIROWSKI FAMILY VENTURES, LLC,
      *

    Plaintiff,
      *

      v.
      *
      CIVIL NO.: WDQ-13-2627

BOSTON SCIENTIFIC CORP.,
      *
    et al.,
      *

    Defendants.
      *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

MEMORANDUM OPINION

Mirowski Family Ventures, LLC ("Mirowski") sued Boston Scientific Corp. and others[1] (collectively, "Boston Scientific") in the Circuit Court for Montgomery County for breach of contract and other state law claims. ECF No. 2. Boston Scientific removed to this Court. ECF No. 1. Pending are Mirowski's motion to remand, ECF No. 72, and Boston Scientific's motion for leave to file a surreply, ECF No. 105.[2] No hearing is necessary. Local Rule 105.6 (D. Md. 2011). For the following reasons, the motion to remand will be granted in part and denied in part, and the motion to file a surreply will be denied.

---

[1] Mirowski also sued Guidant LLC and Guidant Sales LLC (together "Guidant") and Cardiac Pacemakers, Inc.

[2] The Court will grant Boston Scientific's unopposed motions to seal. ECF Nos. 54, 103.

I. Background[3]

Mirowski is the owner of a now-expired patent (the "'288 patent"),[4] which covers technology used in implantable cardioverter defibrillators ("ICDs").[5] *See* ECF No. 78 at 9-10. In 1996, Mirowski and its exclusive licensee[6] sued St. Jude Medical, Inc. ("St. Jude") in the Southern District of Indiana alleging, *inter alia*, infringement of the '288 patent. ECF No. 73-12 at 3-4. The jury awarded Boston Scientific and Mirowski damages for infringement of a different patent (the "'472 patent") but found no infringement of the '288 patent. *Id.* at 4. The judge, however, awarded St. Jude judgment as a matter of law, concluding that the patents were invalid. *Id.*

Citing this ruling, Boston Scientific informed Mirowski that it would no longer pay royalties on the invalid '288 patent. *See id.* In January 2004, Boston Scientific and

---

[3] The facts are taken from the notice of removal, ECF No. 1, the motion to remand, ECF Nos. 72-73, Boston Scientific's opposition to the motion, ECF No. 78, Mirowski's reply, ECF No. 104, and their exhibits.

[4] The '288 patent expired in 2003. ECF No. 73 at 24-25, 73-12 at 4 (previous district court opinion).

[5] ICDs are implantable devices that treat abnormal heartbeats by applying electric shocks directly to the heart. ECF No. 78 at 9-10.

[6] Boston Scientific is the successor corporation of all licensees of the '288 patent. *See* ECF No. 73-12 at 3 n.3. For simplicity, the Court will refer to these licensees as "Boston Scientific."

Mirowski entered an agreement to resolve their dispute about royalties (the "2004 Agreement"). *See id.* at 5.  The Federal Circuit subsequently reversed the district court's invalidity ruling with respect to claim 4 of the '288 patent, triggering payment obligations for Boston Scientific under the 2004 Agreement. *See id.* at 5-6; *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 576 F.3d 1348, 1351 (Fed. Cir. 2009).  Thereafter, a dispute arose between Mirowski and Boston Scientific about Boston Scientific's performance of these obligations.[7]  *See* ECF No. 73-12 at 6.

On May 31, 2011, Boston Scientific sued Mirowski in the Southern District of Indiana, Judge William T. Lawrence presiding, seeking a declaratory judgment that its ICD products do not infringe the '288 patent, that it had satisfied its royalty obligations to Mirowski, and that it was not in breach of any contract between the parties (the "Indiana litigation"). *See* ECF No. 73-2 at 8-10 (complaint).  Mirowski counterclaimed for breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, unjust enrichment, constructive fraud, and disgorgement of profits. *See* ECF No. 78-10 at 43-56 (answer and counterclaims).  On October 24, 2011, Boston Scientific answered Mirowski's

---

[7] The parties also dispute the propriety of a 2006 settlement agreement between Boston Scientific and St. Jude to which Mirowski is not a party. *See* ECF Nos. 73 at 8, 73-2 at 6-7.

counterclaims, asserting defenses which included, *inter alia*, that "[a]s asserted, the claims of the Mirowski patents are invalid under the patent laws of the United States, for failure to comply with the provisions of Title 35 of the United States Code . . . including . . . 35 U.S.C. § 102-103." ECF No. 104-4 at 23.

On February 21, 2013, Boston Scientific, by letter, advised Judge Lawrence that the Supreme Court's recent decision in *Gunn v. Minton*, 133 S. Ct. 1059 (2013), "raise[d] a serious question of whether the Court still has jurisdiction over the claims and counterclaims in this case." ECF No. 73-3 at 1. Judge Lawrence agreed, finding that Boston Scientific's claims did not "arise under" federal law, because--under the "mirror-image" approach applied to declaratory judgment actions--Mirowski could not file a patent infringement claim against Boston Scientific[8] and the remaining claims were state law claims.[9] *See* ECF No. 73-12 at 7-12. Judge Lawrence also held that, under *Gunn*, the suit did not fall into the "special and small category of cases" in which

_____

[8] Mirowski could not file a patent infringement claim, because-- as Mirowski's licensee--Boston Scientific could not infringe and thus an infringement claim would be frivolous. ECF No. 73-12 at 8-12. Accordingly, the "mirror-image" of this infringement claim--a declaratory action seeking a judgment of non-infringement--could not support subject matter jurisdiction. *See id.* at 7-8.

[9] Because the parties did not have diverse citizenship, diversity jurisdiction was also lacking. ECF No. 73-12 at 7 & n.4.

4

there is "arising under" jurisdiction even though the case only involves state law claims. *See id.* at 12-15. Accordingly, on July 29, 2013, Judge Lawrence dismissed the case for lack of subject matter jurisdiction. *Id.* at 16. The parties did not appeal. *See* ECF No. 73 at 17-18.

On February 22, 2013, Mirowski sued Boston Scientific in the Circuit Court for Montgomery County, Maryland, Judge Ronald B. Rubin presiding, for breach of contract and other state law claims. *See* ECF No. 2. Mirowski's claims were almost identical to the counterclaims it had brought in the Indiana litigation. *See id.* at 39-57.

The parties actively litigated in the Maryland court for several months. *See, e.g.*, ECF Nos. 73-5, 73-6, 73-7 (defendants' motions filed in Maryland court). On June 27, 2013, Judge Rubin held a scheduling hearing with the parties. ECF No. 73-10 at 3. At the hearing, Judge Rubin ordered Boston Scientific to inform Mirowski "within 10 days whether they will answer or further move as to the complaint, and whether they will or won't file any counterclaims." *Id.* at 7. On July 10, 2013, Boston Scientific's counsel emailed Mirowksi's counsel stating that it "currently intends to plead as a counterclaim in

the Maryland case that, as asserted by [Mirowski], the claims of
the Mirowski patents are invalid."[10]  ECF No. 73-9 at 2.

On August 1, 2013, Mirowski filed an amended complaint,
which eliminated its breach of fiduciary claim but otherwise
asserted the same causes of action as its original complaint.
*See* ECF No. 35.  On August 19, 2013, Boston Scientific filed an
amended answer and counterclaim.  ECF No. 104-4 at 30.  The
counterclaim sought a declaratory judgment "that claim 4 of the
'288 patent, as asserted by Mirowski, is invalid for failure to
meet the conditions of patentability and/or otherwise comply
with the requirements of 35 U.S.C. §§ 102-103."  *Id*.  On August
23, 2013, Boston Scientific moved for additional claim
construction on claim 4.  ECF No. 73-7.  On September 5, 2013,
about five months before the scheduled trial, Judge Rubin denied
Boston Scientific's motion for additional claim construction,
holding--as Judge Lawrence had similarly ruled in the Indiana
litigation--that claim 4 "already had been properly construed
and . . . affirmed on appeal" in the St. Jude litigation.[11]  *See*

---

[10] In the email chain, counsel also discussed the possibility
that the America Invents Act might create federal jurisdiction
over the case because of Boston Scientific's anticipated patent
counterclaim.  *See* ECF No. 73-9.

[11] Judge Rubin also opined that, because the claims and
counterclaims in the case were virtually identical to those
asserted in the Indiana litigation, removal to federal court was
improper for the reasons discussed by Judge Lawrence.  *See* ECF
No. 73-8 at 6-8.

6

ECF No. 73-8 at 4-6.  On September 10, 2013, Boston Scientific removed to this Court, asserting that this case is removable under 28 U.S.C. § 1454 "[on] the basis of [its patent invalidity] counterclaim."  ECF No. 1 at 2 (notice of removal).

On September 19, 2013, Mirowski moved to remand.  ECF Nos. 72-73.  In the motion, Mirowski also requested an award of attorneys' fees and expenses incurred because of the removal. ECF No. 73 at 32-36.  On October 3, 2013, Boston Scientific opposed the motion.  ECF No. 78.  On October 21, 2013, Mirowski replied.  ECF No. 104.  On October 24, 2013, Boston Scientific moved for leave to file a surreply.  ECF No. 105.  On October 29, 2013, Mirowski opposed the motion.  ECF No. 106.  On November 6, 2013, Boston Scientific replied.[12]  ECF No. 107.

II.  Analysis

A. Surreply

Boston Scientific requests leave to file a surreply "for the sole purpose of addressing certain arguments and authority

---

[12] On November 12, 2013 and January 21, 2014, Mirowski--by letter--advised the Court of two recently decided cases that it argues provide further support for remand.  ECF Nos. 108, 110. On November 13, 2013 and January 22, 2014, Boston Scientific--by letter--argued that Mirowski's letters were inappropriate and requested an opportunity to respond to Mirowski's arguments about the meaning and relevance of the cases.  ECF Nos. 109, 111.  The Court will draw its own conclusions about the relevance of these opinions to the motion pending before it and will not consider Mirowski's arguments in the letters.

raised for the first time in [Mirowski's] reply."[13]  ECF No. 105

at 1.  Boston Scientific notes that Mirowski's "motion to remand

almost entirely ignored the America Invents Act"[14] and only in

the reply addresses the impact of the new law on the case's

removability.[15]  *See id.* at 1-2.  Mirowski argues that a surreply

is unwarranted, because the contentions that Boston Scientific

wishes to dispute were present in its opening brief.  *See* ECF

No. 106 at 3-5.

    Unless otherwise ordered by the Court, a party may not file

a surreply.  Local Rule 105.2(a) (D. Md. 2011).  "Surreplies may

be permitted when the moving party would be unable to contest

matters presented to the court for the first time in the

opposing party's reply."  *Khoury v. Meserve,* 268 F. Supp. 2d

---

[13] Boston Scientific does not attach the proposed surreply to its
motion, which would enable "the Court [to] better determine the
relevancy and importance of allowing the document to be included
in the record."  *EEOC v. Freeman,* 961 F. Supp. 2d 783, 802 (D.
Md. 2013).

[14] Leahy-Smith America Invents Act ("AIA"), Pub. L. No. 112-29,
125 Stat 284 (2011).

[15] Boston Scientific also "seeks to respond briefly" to the
"inaccurate assertions" that it presented the same invalidity
arguments in the Indiana litigation, that its counterclaim is
actually a defense, and that the rulings from the Indiana
litigation are "somehow dispositive here."  ECF No. 105 at 2.
However, Mirowski made all of these arguments in its opening
brief.  *See, e.g.,* ECF No. 73 at 11, 18, 25-27.  Boston
Scientific has had ample opportunity to respond to them, and did
respond to them, in its opposition brief.  *See* ECF No. 78 at 8,
27-29.  Accordingly, a surreply is not warranted.

600, 605 (D. Md. 2003), *aff'd,* 85 Fed. App'x 960 (4th Cir. 2004).  Surreplies are not appropriate when the arguments made in the reply brief "are merely responses to new arguments made . . . in [the] response."  *Freeman*, 961 F. Supp. 2d at 801 (internal quotation marks omitted).

In two pages of its opening brief, Mirowski argues that the case is not removable despite the passage of the AIA.  *See* ECF No. 73 at 31-32.  Boston Scientific, in contrast, devotes a substantial portion of its response brief to the argument that the case is removable under the AIA.  *See* ECF No. 78 at 17-31.  In its reply, Mirowski responds to Boston Scientific's arguments about the AIA.  *See, e.g.,* ECF No. 104 at 14-21.  Boston Scientific has offered no authority to support its argument that Mirowski's failure in its opening brief to give the AIA the attention that Boston Scientific believes it deserves justifies the filing of a surreply.  *See* ECF No. 105 at 1-2.  As Mirowski's arguments in its reply are merely responsive to the arguments raised in Boston Scientific's response, a surreply is unwarranted.  *See Freeman*, 961 F. Supp. 2d at 801.  Boston Scientific's motion will be denied.

B. Removal Jurisdiction

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . .

. to the district court of the United States for the district and division embracing where such action is pending." Because removal raises "significant federalism concerns," the removal statutes must be strictly construed, and all doubts must be resolved in favor of remanding the case to state court. *Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005). The removing party has the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Id.*; *Johnson v. Nutrex Research, Inc.*, 429 F. Supp. 2d 723, 726 (D. Md. 2006).

Under the "well-pleaded complaint" rule, federal jurisdiction is unavailable when a federal question is present only as a defense to the plaintiff's state law claims.[16] *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). In 2002, the Supreme Court held that counterclaims--even those asserting claims under federal patent law or other areas of exclusive federal jurisdiction--similarly could not serve as a basis for "arising under" jurisdiction under the well-pleaded complaint rule. *See*

---

[16] In declaratory judgment actions, "if the declaratory judgment plaintiff is not alleging an affirmative claim arising under federal law against the declaratory judgment defendant," the court has jurisdiction only if "the complaint alleges a claim arising under federal law that the declaratory judgment defendant could affirmatively bring against the declaratory judgment plaintiff." *Columbia Gas Transmission Corp. v. Drain*, 237 F.3d 366, 370 (4th Cir. 2001).

*Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535
U.S. 826, 830-32, 122 S. Ct. 1889, 1893-94, 153 L. Ed. 2d 13
(2002).

In 2011, Congress passed the AIA, which created a new
removal statute specifically addressing removal of patent
claims.[17]  *See* 28 U.S.C. § 1454.  The statute provides for
removal of "civil action[s] in which *any party* asserts a claim
for relief arising under any Act of Congress relating to
patents, plant variety protection, or copyrights."  *Id.*
§ 1454(a) (emphasis added).  This provision authorizes removal
of cases in which the only federal question arises in a patent
or copyright counterclaim.  *See Andrews v. Daughtry*, 1:13CV408,
2014 WL 184398, at *3 (M.D.N.C. Jan. 15, 2014); *Univ. of
Kentucky Research Found., Inc. v. Niadyne, Inc.*, CIV. 13-16-
GFVT, 2013 WL 5943921, at *5 (E.D. Ky. Nov. 5, 2013).

    1. Propriety of Removal

Mirowski argues that removal was inappropriate because
Boston Scientific waived its right to remove by engaging in
substantial litigation in Maryland, there is no federal
jurisdiction over this case for the reasons discussed by Judge
Lawrence, and Boston Scientific's notice of removal is untimely.
*See* ECF No. 73 at 16-32.  Boston Scientific argues that "the AIA

---

[17] *See* Leahy-Smith America Invents Act ("AIA"), Pub. L. No. 112-
29, § 19, 125 Stat 284, 332 (2011).

fundamentally altered the pertinent provisions governing the allocation of jurisdiction over cases involving patent claims between state and federal courts." ECF No. 78 at 7. As a result of the AIA's statutory changes, it argues that the pre-AIA cases cited by Mirowski and Judge Lawrence are inapposite to determining this Court's jurisdiction. *See, e.g., id.* at 26-27. Boston Scientific also argues that its litigation in the Maryland court was insufficiently substantial to show waiver of its right to remove. *See id.* at 32-33. Finally, Boston Scientific argues that removal was timely, because it removed within 30 days of the service of its counterclaim--the pleading which made the case removable under the AIA--and the cases cited by Mirowski "do not relate to removal pursuant to § 1454." *See id.* at 31-32 & n.19.

Section 1454(b) states that removal of cases under that section "shall be made in accordance with section 1446" with two exceptions: "(1) the action may be removed by any party; and the time limitations contained in section 1446(b) may be extended at any time for cause shown." Accordingly, to be proper, the removal of the action must be timely under § 1446, unless "cause" is shown. *See Andrews*, 2014 WL 184398, at *4; *Niadyne*, 2013 WL 5943921, at *11; *SnoWizard, Inc. v. Andrews*, CIV.A. 12-2796, 2013 WL 3728410, at *5 (E.D. La. July 12, 2013).

Under 28 U.S.C. § 1446(b)(1), to remove a case, the defendant must file a notice of removal in the district court within 30 days after receiving the initial pleading.  If the case stated by the initial pleading is not removable, the defendant may remove within 30 days of receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3).[18]  To determine when a defendant first had notice of grounds for removal, the Court must "rely on the face of the initial pleading and on the documents exchanged in the case by the parties." *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997).  The Court need not "inquire into the subjective knowledge of the defendant," but must consider only whether grounds for removal were "apparent within the four corners of the initial pleading or subsequent paper." *Id.*  If

---

[18] The 30-day removal limitation:

> deprive[s] the defendant of the undeserved tactical advantage that he would have if he could wait and see how he was faring in state court before deciding whether to remove the case to another court system; and . . . prevent[s] the delay and waste of resources involved in starting a case over in a second court after significant proceedings, extending over months or even years, may have taken place in the first court.

*Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir. 1982), *cert. denied*, 459 U.S. 821 (1982) (*quoted in Link Telecommunications, Inc. v. Sapperstein*, 119 F. Supp. 2d 536, 544 (D. Md. 2000)).

details were "obscured or omitted" or "inadequately" stated, the
defendant will not be charged with knowledge of removability.[19]
This "bright-line test" also "guards against premature and
protective removals . . . thereby minimizing the potential for a
'cottage industry of removal litigation.'"  *Dijkstra v.
Carenbauer*, 5:11CV152, 2012 WL 1533485, at *5 (N.D.W. Va. May 1,
2012) (*quoting Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689,
698 (9th Cir. 2005)).

Mirowski sued Boston Scientific in Maryland State court
after the passage of the AIA and brought virtually the same
claims it had asserted in the Indiana litigation.  *Compare* ECF
No. 78-10, *with* ECF No. 2.  Boston Scientific now brings a
counterclaim that is virtually identical to the defense it
asserted in its answer to Mirowski's counterclaims in the

---

[19] *Lovern*, 121 F.3d at 162 (*citing Foster v. Mut. Fire, Marine &
Inland Ins. Co.*, 986 F.2d 48, 54 (3d Cir. 1993) ("[T]he relevant
test is not what the defendants purportedly knew, but what these
documents said."), *overruled on other grounds by Murphy Bros. v.
Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S. Ct. 1322,
143 L. Ed. 2d 448 (1999); *Chapman v. Powermatic, Inc.*, 969 F.2d
160, 163 (5th Cir. 1992) ("[T]he [30] day time period in which a
defendant must remove a case starts to run from defendant's
receipt of the initial pleading only when that pleading
affirmatively reveals on its face" the grounds for removal.));
*accord Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1035 (10th Cir.
2008) (stating that notice "ought to be unequivocal;" grounds
for removal "should not be ambiguous" or "require[] an extensive
investigation" (internal quotation marks omitted)); *Whitaker v.
Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001) (the
defendant must "apply a reasonable amount of intelligence in
ascertaining removability" but need not "look beyond the initial
pleading for facts giving rise to removability").

Indiana litigation.   *Compare* ECF No. 104-4 at 23, *with* ECF No. 104-4 at 30.   These filings indicate that Boston Scientific had knowledge of its invalidity counterclaim--the basis on which this case is allegedly removable--when Mirowski filed suit in Maryland state court, several months before Boston Scientific removed the case.

Assuming, without deciding, that the filings from the Indiana litigation are insufficient to demonstrate when Boston Scientific had notice in the Maryland case that the action was removable, Boston Scientific's July 10, 2013 email[20] informing Mirowski of its intent to file an invalidity counterclaim unambiguously shows Boston Scientific's knowledge of the basis on which the Maryland action might be removed.[21]   *See* ECF No. 73-9 at 2.   This email was sent more than two months before Boston Scientific removed, making removal untimely under § 1446(b).[22]

---

[20] *See Wright v. Dollar Gen. Store No. 4722/Dolgencorp, LLC*, CIV.A. 4:13-1447-MGL, 2014 WL 509214, at *3 (D.S.C. Feb. 7, 2014) (holding that emails between counsel qualify as "other papers" under § 1446(b) (*citing Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 755 (4th Cir. 1996) ("The motion, order or other paper requirement is broad enough to include any information received by the defendant, whether communicated in a formal or informal manner.") (internal quotations omitted)).

[21] In the email exchange, Mirowski specifically discusses whether the AIA makes the case removable.   *See* ECF No. 73-9 at 2-3.

[22] Boston Scientific contends that its counterclaim is the operative pleading under § 1446(b) that started the 30-day removal clock.   *See* ECF No. 78 at 31-32.   However, because "other papers" received before Boston Scientific's counterclaim

*See Andrews*, 2014 WL 184398, at *5-*6 (concluding that removal of case involving copyright counterclaim under § 1454 was untimely when "documents exchanged . . . and the statements of [counsel] at oral argument . . . demonstrate[d] that [defendant] knew . . . that he claimed ownership of the contested . . . songs and sound recordings" more than 30 days before defendant removed).[23]

2. Exception for Cause Shown

Under § 1454(b), the Court may extend the removal deadline for "cause shown."  In a footnote, Boston Scientific contends that there is cause for an extension, because it "brought its motion for additional claim construction without any delay." ECF No. 78 at 31 n.19.  It argues that, if the Maryland court had agreed with Boston Scientific's proposed claim construction,

_____

show Boston Scientific's knowledge of the basis on which this action was removable, the removal clock started much earlier. *See supra* note 20.

[23] *See also Bobbin Publications, Inc. v. Klingenberg*, 525 F. Supp. 245, 246-47 (D.S.C. 1981) (concluding that removal was untimely because defendant had notice more than 30 days before removal that the value of his counterclaim satisfied the amount in controversy requirement for diversity jurisdiction as shown by defendant's earlier filing of a separate lawsuit involving the same claim); *No Regrets Properties, Inc. v. Neighborhood Sports Pub Concepts, Inc.*, 6:10-CV-1024-JMC, 2011 WL 2294195, at *5 (D.S.C. June 8, 2011) (finding that the 30-day removal clock in diversity jurisdiction case began when the initial complaint was filed because "Defendant has offered no rationale why it would have been unable to calculate its counterclaim damages immediately and therefore realize it had a claim in excess of the jurisdictional amount").

then the action was removable based on Boston Scientific's invalidity counterclaim. *Id.*

Although few courts have considered the meaning of the phrase "cause shown," there is general agreement that the removing party has "some burden . . . to justify why its tardiness should be excused." *See, e.g., SnoWizard*, 2013 WL 3728410, at *6. Boston Scientific's excuse for its late filing is insufficient. Boston Scientific states that it did not delay in moving for additional claim construction after Mirowski filed the amended complaint. *See* ECF No. 78 at 31 n.19. However, Boston Scientific did not assert its counterclaim--on which its motion for claim construction depended--for several months after the case was filed, and it offers no explanation why it could not have counterclaimed earlier. Further, although Boston Scientific argues that removability depended on Judge Rubin's adoption of a certain construction of claim 4, removal occurred after Judge Rubin declined to adopt *any* additional construction of the claim. *See* ECF No. 73-8 at 6. Thus, this "cause" explanation fails to discharge Boston Scientific's obligation to explain "*why* [it] did not timely file" to remove. *See Benesmart, Inc. v. Total Fin. Grp., LLC*, CIV.A. 12-2645, 2012 WL 6020340, at *5 (E.D. La. Dec. 3, 2012) (finding no "cause shown" for untimely removal when the defendants' excuse did "not show the Court what cause necessitated the Defendants' reliance on

17

the later-served state court defendants in the first place" to remove) (emphasis in original).

The purpose of the timing provisions of § 1446(b) is to "limit the ability of the Defendant to test the waters in one forum and, finding them inhospitable, move to another forum that might be more sympathetic to its views." *Niadyne*, 2013 WL 5943921, at *10; *see also Estate of Krasnow v. Texaco, Inc.*, 773 F. Supp. 806, 809 (E.D. Va. 1991) ("[A] defendant must not be allowed to test the waters in state court and, finding the temperature not to its liking, beat a swift retreat to federal court."). Boston Scientific's delay in removing until after the denial of its motion for additional claim construction--and after litigating in state court for several months--suggests that it is merely seeking a more hospitable forum. *See Andrews*, 2014 WL 184398, at *7 (finding no cause shown for untimely removal in part because--during the three-month delay in filing the petition for removal--the defendant "actively engaged the state court in the litigation process" and only removed after the state court denied his motion to transfer the case). Accordingly, because removal was untimely, and there is no cause shown for an extension, the motion to remand will be granted.[24]

---

[24] Because removal is untimely, the Court need not address Mirowski's contentions that the Court otherwise lacks jurisdiction over the claims and counterclaims in this case, *see, e.g.*, *SnoWizard*, 2013 WL 3728410, at *6 (court's finding

### 3. Attorneys' Fees

Mirowski argues that Boston Scientific should pay Mirowski's attorneys' fees for removal--or the Court should award fees against Boston Scientific's counsel--because Boston Scientific lacked an objectively reasonable basis for removal. ECF No. 73 at 35 & n.11.  Under 28 U.S.C. § 1447(c), the Court may require "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Court should award attorneys' fees and costs "only whe[n] the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005).  28 U.S.C. § 1927 permits sanctions against attorneys who "multipl[y] the proceedings . . . unreasonably and vexatiously."

"[A] plaintiff has every right to do all that is possible, within the bounds of ethical constraints, to ensure that his case remains in state court; a defendant has an equally defensible privilege to do all it can, under like constraints, to push or pull the action into federal court." *Sledz v. Flintkote Co.*, 209 F. Supp. 2d 559, 564 (D. Md. 2002).  Although the Court has concluded that removal was improper--and the

---

that removal was untimely "obviates the need to address whether the allegations in the petition implicate 28 U.S.C. § 1454 removal"), and that Boston Scientific waived its right to remove.

history of this litigation suggests that Boston Scientific may have removed to forum-shop--removal of this case "implicated the interpretation of a relatively new statute" which few courts have construed. *See Niadyne*, 2013 WL 5943921, at *11 (denying award of attorneys' fees in AIA patent counterclaim removal case). The novelty of the issues raised by removal counsel against an award of fees. *See, e.g., Cohn v. Charles*, 857 F. Supp. 2d 544, 549-50 (D. Md. 2012) (denying award of fees because "[t]he effect of recent amendments to Maryland foreclosure law . . . at a minimum makes the state of remand law murky"); *SnoWizard*, 2013 WL 3728410, at *6. Mirowski's request for attorneys' fees and costs will be denied.

III. Conclusion

For the reasons stated above, Mirowski's motion to remand will be granted in part and denied in part, and Boston Scientific's motion for leave to file a surreply will be denied.

_____6/5/14_____
Date

_____
William D. Quarles, Jr.
United States District Judge